IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-10-308-D |
| | ) | |
| JOHN MIGUEL SWAN, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

This matter is before the Court on Defendant John Miguel Swan's Motion in Limine [Doc. No. 25]. The government has timely opposed the Motion, which is at issue.

Defendant stands charged with a violation of 18 U.S.C. § 922(g)(1), by knowingly possessing a firearm and ammunition after a previous conviction of a felony. He seeks to exclude evidence that, after his arrest by police officers, he engaged in combative behavior, attempted to break free, and threatened the officers and their family members. Defendant contends this evidence is inadmissible under Rule 404(b), Fed. R. Evid., and in any event, should be excluded under Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice.

In response, the government contends the evidence is either intrinsic evidence not subject to Rule 404(b) or proper "other acts" evidence. The government argues that, due to the nature of the evidence, it is highly probative of Defendant's knowing possession of a firearm and should not be excluded under Rule 403.

According to the government's description of the expected testimony of the arresting police officer, Sgt. Chris Spillman, the evidence will show that Defendant became very agitated and physically aggressive after he was placed in the patrol car and informed of the charge against him. Defendant allegedly began kicking the car window, attempted to get out of the back seat, and kicked toward Sgt. Spillman when he attempted to restrain Defendant. Defendant's physically aggressive behavior allegedly continued until he was placed in a hobble restraint. Sgt. Spillman also will testify that Defendant made verbal threats to the police officers on the scene and threatened their family members. Defendant allegedly stated he would find the officers and shoot them, and he made a hand motion like pulling the trigger of a gun.

The government argues this evidence is part of the "*res gestae*" or intrinsic to the charged offense because Defendant's threats and gestures were linked in time and circumstances to the firearm possession. The Court disagrees. Evidence of a prior act is intrinsic to the crime charged "if: (1) it was part of the scheme for which a defendant is being prosecuted, or (2) it was inextricably intertwined with the charged crime such that a witness' testimony would have been confusing and incomplete without mention of the prior act." *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994) (internal quotations and citations omitted). Defendant's behavior after he was arrested, placed in a police car, and restrained was not part of a criminal scheme nor was it intertwined with his alleged earlier possession of a handgun. According to the government's theory of the case, Defendant abandoned the pistol by throwing it from a parked car before his arrest.

Alternatively, the government alleges the evidence will be offered for a proper purpose under Rule 404(b), to prove that Defendant knowingly possessed a firearm. Evidence of other acts is not admissible to prove a defendant's character but may be admitted to show motive, opportunity, intent, preparation, plan, knowledge or identity if the defendant is protected from unfair prejudice. *See* Fed. R. Evid. 404(b); *see also Huddleston v. United States*, 485 U.S. 681, 691 (1988). There are four requirements for admissibility under Rule 404(b): (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a determination under Fed. R. Evid. 403 whether the probative value of the other acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of other acts is to be considered only for the limited purpose for which it was admitted. *See Huddleston*, 485 U.S. at 691-92; *see also United States v. Fitzherbert*, 13 F.3d 340, 343 (10th Cir. 1993); *United States v. Record*, 873 F.2d 1363, 1374 (10th Cir. 1989). A defendant is presumed to be protected from unfair prejudice if those requirements are met. *Huddleston*, 485 U.S. at 691-92.

The Court finds that the government proposes to introduce evidence of Defendant's verbal threats to shoot and hand gestures that connoted shooting for a proper purpose under Rule 404(b). The government does not argue, and the Court does not find, that evidence of Defendant's combative conduct or kicking at the officers has a proper evidentiary purpose. However, to the extent Defendant's post-arrest conduct threatened or suggested shooting a

gun, the Court finds that the government's proposed evidence is probative of Defendant's knowledge of and intent to possess a handgun, as charged in the Indictment.

The Court further finds that this evidence should not be excluded under Rule 403. Defendant's objection to the evidence as unfairly prejudicial is not well taken. "Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001). The court of appeals has explained the proper considerations as follows:

> [U]nfair prejudice does more than damage the Defendant's position at trial. . . . In the Rule 403 context, however, "[e]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." [*United States v.*] *Rodriguez*, 192 F.3d [946,] 951 [(10th Cir.1999)] (quotation omitted) (emphasis added). Even if this type of prejudice is found, it must substantially outweigh the probative value of the evidence in order to be excluded under Rule 403.

*Tan*, 254 F.3d at 1211-12 (footnote omitted). Analyzed in this way, the Court finds that Defendant has failed to articulate a sufficient basis for excluding the government's evidence of his statements and hand gestures suggesting the use of guns. Although this evidence may be prejudicial, the Court concludes that its probative value outweighs the resulting prejudice. If requested, the Court will instruct the jury during trial of the limited permissible use of this evidence. Therefore, the government's evidence of Defendant's gun-related statements and gestures is admissible under Rule 404(b).

IT IS THEREFORE ORDERED that Defendant's Motion in Limine [Doc. No. 25] is DENIED as set forth herein.

IT IS SO ORDERED this 6th day of December, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE