IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-10-308-D |
| | ) | (No. CIV-13-1073-D) |
| JOHN MIGUEL SWAN, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The matter before the Court is Defendant John Miguel Swan's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 82], filed *pro se* on October 7, 2013. The government opposes the Motion on grounds that the only claim properly presented – ineffective assistance of counsel – lacks merit and other claims are procedurally barred or frivolous. Defendant has filed a reply brief clarifying certain claims and providing additional arguments in support of them. The Motion is thus at issue.

**A.     Factual and Procedural Background**

A jury convicted Defendant of possessing a firearm and ammunition after a previous felony conviction in violation of 18 U.S.C. § 922(g). He was sentenced to a 100-month term of imprisonment. Before trial, the Court denied a motion to suppress the firearm, which was thrown from a vehicle that Defendant was driving when he was stopped by police officers. The Court also granted a pretrial motion by the government to correct a typographical error in the Indictment that described the firearm by reference to a serial number that contained an incorrect digit. The Court denied Defendant's motion in limine to exclude evidence that he

made verbal threats to shoot the arresting officers and made a hand motion like pulling the trigger of a gun.

On direct appeal, the court of appeals affirmed both the suppression ruling and the evidentiary ruling, and rejected as "patently frivolous" an argument that the evidence was insufficient to establish the charge of knowing possession of a firearm. *See United States v. Swan*, 494 F. App'x 838, 843 (10th Cir. 2012). The court refused to consider an argument that the government had failed to prove a jurisdictional element of the offense – an effect on interstate commerce – as contrary to binding precedent. *Id*. at 840 & n.3 (citing *United States v. Urbano*, 563 F.3d 1150, 1152 (10th Cir. 2009)). Defendant did not challenge on appeal the order correcting the Indictment or his sentence. Defendant was represented at trial by an assistant federal public defender, and represented on appeal by an appointed panel attorney.

## B. Defendant's Motion

Liberally construing the Motion in light of Defendant's *pro se* status, Defendant asserts six claims: 1) ineffective assistance of trial counsel in connection with the motion to suppress evidence; 2) ineffective assistance of trial and appellate counsel in failing to challenge the correction of the Indictment to cure an erroneous serial number; 3) ineffective assistance of trial counsel in insufficiently challenging the admission of evidence regarding Defendant's verbal threats and hand gesture; 4) insufficiency of the evidence, particularly regarding the interstate commerce requirement; 5) erroneous jury instruction regarding interstate commerce; and 6) sentencing error due to violations of the constitutional rules

2

announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2139 (2013).

Defendant's fourth and fifth claims essentially reurge arguments presented by his appellate counsel. The law is clear that § 2255 is not available to revisit issues previously decided on direct appeal. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). The sixth claim is based on legal authorities that are inapplicable to Defendant's case. His sentence was not based on facts that were required to be submitted to the jury under *Apprendi* or *Alleyne*. Accordingly, the Court proceeds to consider only Defendant's claims regarding ineffective assistance of counsel, which are properly raised under § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

**C. Discussion**

The standard of decision governing these claims is well established:

> Ineffective assistance of counsel claims are . . . guided by the now familiar *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*United States v. Mora*, 293 F.3d 1213, 1217 (10th Cir. 2002); *see also Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). A court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *See Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir. 2002) (quoting *Boyd v. Ward*,

179 F.3d 904, 914 (10th Cir. 1999)); *see also United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

### 1. Motion to Suppress

Upon consideration of Defendant's allegations and arguments regarding deficiencies in his trial counsel's performance with respect to the motion to suppress evidence, the Court finds this claim to be frivolous. Defendant's motion to suppress was ably presented and argued by counsel. Defendant's only complaint is that counsel did not request "fingerprint DNA," failed "to bring up his *Miranda* rights," and did not sufficiently challenge "his illegal arrest." *See* Motion at p. 14 (ECT numbering).

No forensic evidence was needed because there was an eyewitness to Defendant's possession of the loaded handgun. A police officer testified that he saw Defendant throw the gun from the driver's window of the vehicle, and the gun was found exactly where the officer saw it land. Regarding *Miranda*, Defendant does not explain what issue he believes could have been raised. To the extent Defendant is referring to his verbal threats against the officers, these statements were not made in response to custodial questioning but were made spontaneously during Defendant's combative response to his arrest. Finally, as to an alleged violation of the Fourth Amendment, counsel expressly argued in support of the motion to suppress – both in his written brief and in oral argument during the hearing – that the police officers who followed and stopped Defendant's vehicle lacked reasonable suspicion of criminal activity and their conduct violated the Fourth Amendment.

4

In short, the Court finds that Defendant has failed to identify any error by counsel, much less a serious one, and different arguments by counsel would not have altered the outcome of the suppression hearing. Therefore, this claim for relief lacks merit.

## 2. Serial Number in the Indictment

Although Defendant's arguments are difficult to decipher, he appears to claim that trial and appellate counsel should have challenged the Court's Order of December 10, 2010, granting the government's motion to correct errors in the Indictment. Defendant argues that the Indictment was defective (and, presumably, that it should have been dismissed) and that the government failed to prove the offense charged by the grand jury. These arguments are unsupported by legal authority and are ineffectual to show ineffective assistance of counsel.

In response to the government's motion, Defendant's trial counsel candidly stated, as he was required to do as an officer of the Court, that his legal research had uncovered no basis to oppose the request to correct the firearm's serial number. The government, on the other hand, presented legal authority precisely on point. *See United States v. Neff*, 525 F.2d 361, 363 (8th Cir. 1975) ("change of a weapon's serial number in this indictment does not require dismissal"). Other federal appellate courts are in agreement. *See United States v. Morrow*, 925 F.2d 779, 781 (4th Cir. 1991) ("The omission of the first digit in a seven digit serial number of a firearm set forth in an indictment does not result in a substantial amendment to the indictment or a prejudicial variance in proof when corrected at trial."); *accord United States v. Jackson*, 596 F.3d 236, 244-45 (5th Cir. 2010). The Tenth Circuit has followed *Neff* in a different factual context. *See*, *e.g.*, *United States v. Janoe*, 720 F.2d

1156, 1160 & n.8 (10th Cir. 1983) (permitting amendment of indictment in bank robbery case to correct name of federal insuring agency).

Lacking legal support for the position that Defendant wished to take, his attorneys were not deficient in their performance in failing to assert his view, and a different approach would not have affected the outcome of the case. Therefore, the Court finds no merit in Defendant's claim of ineffective assistance of counsel regarding the correction of the Indictment.

### 3. Rule 404(b) Evidence

Defendant's claim that his trial counsel failed to properly oppose the admission of evidence regarding Defendant's threatening statements and gesture is contradicted by the record. In fact, defense counsel filed a pretrial motion to exclude this evidence, but the Court found the evidence was admissible. *See* Order of Dec. 6, 2010 [Doc. No. 30]. A limiting jury instruction was given at trial as required. The court of appeals expressly found that the evidence was properly admitted. *See Swan*, 494 F. App'x at 842. Therefore, the Court finds that Defendant's claim of ineffective assistance of counsel lacks merit.

### D. Conclusion

For the above reasons, the Court finds that Defendant's § 2255 Motion presents no valid basis for relief from his conviction or sentence.[1]

---

[1] Because the existing record shows Defendant is not entitled to relief, no evidentiary hearing is needed. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S. C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 82] is DENIED. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA will be denied, and the denial shall be included in the judgment.

IT IS SO ORDERED this 8th day of May, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE